IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CZUBA, | ) | FILED: JUNE 9 , 2008 |
| | ) | 08CV3312 |
| Plaintiff, | ) | JUDGE ST. EVE |
| | ) | MAGISTRATE JUDGE NOLAN |
| vs. | ) No. | NF |
| | ) | |
| EQUIFAX INFORMATON SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. Preliminary Statement

1.  This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended.*

### II. Jurisdiction and Venue

2.  Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. §§1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

3.  Plaintiff, LINDA CZUBA, is an adult individual and citizen of the state of Illinois.

4.  Defendant Equifax Information Services, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

### IV. Factual Allegations

5.  Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

6. The inaccurate information of which Plaintiff complains is an account, or trade-line, named Kohls Department Stores. Specifically, Plaintiff asserts that the account has a zero balance and should have no record of late payments. However, Defendant has disseminated credit reports and/or information that the account has been regularly late and has an outstanding balance.

7. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

8. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

9. Upon information and belief, Defendant has been alerted to the inaccurate information by the furnisher of the information on at least one occasion in December 2007 or January 2008. Furthermore, Plaintiff had provided a dispute over the accuracy of the account directly to Defendant in April of 2008.

10. Notwithstanding Plaintiff's efforts, Defendant continues publishing the inaccurate information to other third parties, persons, entities and credit grantors.

11. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently continued to report this information as accurate and further claimed to have verified the account was reported correctly.

12. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of credit and delays in the ability to use her credit;

  b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

  c. Decreased credit score which may result in inability to obtain credit on future attempts.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT ONE –
## VIOLATION OF THE FCRA v. EQUIFAX INFORMATON SERVICES, INC.

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

17. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

19. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(c) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(e) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

20. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## VI.   **<u>JURY TRIAL DEMAND</u>**

21. Plaintiff demands trial by jury on all issues so triable.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, , seeks judgment in Plaintiff's favor and damages against Defendant[s], based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o;

(e)    Such other and further relief as may be necessary, just and proper.


Respectfully submitted,
**LINDA CZUBA**


By:    s/Larry P. Smith
             Attorney for Plaintiff


LARRY P. SMITH & ASSOCIATES, LTD.
205 N. Michigan Ave., Suite 4000
Chicago, IL 60601
Phone: (312) 222-9028
Fax:    (312) 602-3911
E-mail:  lsmith@lpsmithlaw.com

5